CADY, Respondent, *v.* CHICAGO, M. & ST. P. R. Co., Appellant.

1. **Appeal—Aggregate Verdict—Review of Part.**
   Where there is a general verdict for the aggregate loss sustained by two negligent injuries, and the only error relied on is the charge of the court as to one, its correctness will not be determined, for the case could not be reversed, there being no error insisted upon as to the other injury sustained.

2. **Same—Modification of Judgment—C. C. Pro. § 23—Excess, How to Appear.**
   Under C. C. Pro. § 23, empowering the court to modify the judgment appealed from, the amount erroneously awarded and embraced in the judgment must clearly appear from the record. Where the verdict was in the aggregate for two losses by negligence on different dates, and there being no way of determining the amount of the one respecting which only error was claimed, the judgment cannot be modified.

(Argued May 20, 1887; affirmed May 26; opinion filed February 20, 1888.)

Appeal from the district court of Moody county; Hon. C. S. PALMER, Judge.

*R. Brennan,* for appellant.

Cady testifies that on April 30th he had killed,—one cow, worth $100; one cow, worth $25; one cow, worth $40, injured, which

died three days after; one heifer, damaged $10 to $12; and on May 7th, one cow killed, worth $55.

He presumes these to have been killed by the company; did not see the killing; and his testimony relative to it is hearsay, incompetent, and would not warrant a verdict.

Link, a witness for plaintiff, says he saw the train, on April 30th, strike three head.

Town, engineer of freight train: "I saw the engine strike two. I think we struck three, for three remained."

Tierney says two were struck; and all the evidence relating to the cow injured on the 7th is from the conductor, engineer, fireman, and Mr. Tennant, who all say that that cow on that day had a foot or leg broken only.

Now, this defendant in this verdict is charged with the killing of four head of cattle, for any other supposition would be simply a deduction not warranted by the testimony.

There is no dispute as to the value of these cows, or as to the injury to the heifer; and the total damage by the killing, as sworn to by the plaintiff, amounts to $235 or $237.

The jury have found for the plaintiff in the sum of $223. This of course presumes the idea that they have excluded from their consideration anything other than the injury to the heifer, the damage to which was estimated at ten or twelve dollars.

It then appears that the jury must have found that the defendant killed four head of stock, the value of which, according to plaintiff's testimony, is $225.

There is no testimony before the court or jury that five head of cattle were injured or killed; for, remember, one fully recovered.

We insist this verdict is not justified by the evidence.

*Rice Bros.*, for respondents.

The only point made is that the verdict is excessive in that there was no proof of the killing of more than three animals.

The verdict is fully sustained by the evidence. It is found the whole value of the stock killed was $215, the damage to the

one injured that did not die was $10, or $225 in all, or $2 more than the verdict of the jury. The evidence of the killing of the stock is that of plaintiff, and also Link, who testifies that he saw three head of cattle struck by the engine on April 30th. Defendant's own witness, Mr. Tennant, testifies that he was on the passenger train that killed the last cow. There being no dispute as to the killing of the stock, or its value, there is nothing in the question of excessive damage.

PALMER, J. This was an action brought against the defendant corporation, to recover damages for the killing of certain cattle upon the defendant's track, and near the adjoining land of the plaintiff.

The defendants admitted the killing of a portion of the stock, but claimed to be relieved from all liability therefor, because the stock was trespassing upon the defendant's right of way at the time of the accident; and all diligence was used by the agents of the defendant in the management of the train to avoid the injury; and that the plaintiff so far contributed to the injury by allowing his stock to run at large, and upon the defendant's right of way, that no recovery could be had in the case.

Trial by jury. Verdict and judgment for the plaintiff.

It appears from the record in the case that a portion of the stock in controversy was killed on the 29th day of April, 1885; and one cow, for which damage is claimed in the action, was killed on the 9th day of May, 1885.

Various assignments of error are presented, some of which relate to the improper admission of evidence, and others to errors claimed in the charge of the court.

Upon the argument of the case in this court, the only error relied upon by counsel relates to the charge of the court upon the subject of the killing of the single cow on the 9th of May.

Without attempting to consider or decide the correctness of the legal proposition presented by the charge of the trial court upon this branch of the case, it is sufficient to say that, the verdict of the jury being general, for an aggregate sum for the plain-

tiff for all the injury complained of, and no error being insisted upon relating to the injury occurring on the 29th day of April, the case cannot be reversed; and counsel for appellant only ask that it be modified by reducing the amount of the judgment rendered by deducting the value of the property injured on the 9th of May.

The alleged errors in the main case, viz., those relating to the injury on the 29th of April, having been abandoned, the case cannot be reversed, and the question is, can it be modified?

Section 23, Code Civil Proc., provides among other things, that, "the supreme court may reverse, affirm, or modify the judgment or order appealed from in whole or in part," etc.

But to warrant this court in modifying the judgment by reducing it, the amount erroneously awarded and embraced in the judgment must clearly appear upon the record.

The jury not having found the value of the cow killed on the 9th of May, but returning a verdict in the aggregate, as damages sustained by plaintiff, and there being no way of determining the value of said cow, or whether her value was included in the sum returned by the jury as damages to the plaintiff, the judgment cannot be modified, but must be in all things affirmed.

All the justices concur. THOMAS, J., not sitting.